**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John N Maina, | No. CV-24-00600-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Dearlynn Mae Crank, et al., | |
| Defendants. | |

On December 16, 2024, Plaintiff John N. Maina filed a pro se Complaint (Doc. 1), along with an Application for Leave to Proceed in Forma Pauperis (Doc. 2), and a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 3). For the reasons that follow, the Court will grant Plaintiff's Application to Proceed in Forma Pauperis, dismiss his Complaint without leave to amend, and deny as moot his Motion to Allow Electronic Filing.

## I. Application to Proceed in Forma Pauperis

In his Application to Proceed in Forma Pauperis, Plaintiff avers that he has a net income of $500.00 per week, with $65.00 in savings, no assets, and significant medical and tax debt. (Doc. 2.) The Court finds that Plaintiff is unable to pay the costs of these proceedings and will accordingly grant his Application to Proceed in Forma Pauperis.

## II. Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous

or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other

facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

### III.   Plaintiff's Complaint

In his Complaint, Plaintiff cites as the basis for this Court's jurisdiction 18 U.S.C. §§ 2511 and 2661A, which are federal criminal statutes. (Doc. 1 at 3.) Plaintiff alleges that, in 2016, Defendants used his email and phone number to stalk and target him, then conspired to facilitate and plan attacks to his location "through voip and neutral tandem." (*Id.* at 4.)

### IV.   Failure to State a Claim

Criminal statutes do not give rise to civil liability, and private plaintiffs in civil actions cannot assert violations of criminal statutes. *See Arellano v. Becton*, No. 24-cv-02250-WHO, 2024 WL 3908114, at *3 (N.D. Cal. Aug. 20, 2024) (citing *Allen v. Gold Cnty. Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)). Accordingly, Plaintiff has failed to establish a basis for this Court's civil jurisdiction and has failed to state a claim upon which relief can be granted. Because the deficiencies of Plaintiff's Complaint could not be cured by the allegation of other facts, the Court will dismiss the Complaint without leave to amend. Given the dismissal of this action, the Court will deny as moot Plaintiff's Motion to Allow Electronic Filing.

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Doc. 2) is **granted**.
2. Plaintiff's Complaint (Doc. 1) is **dismissed**. The Clerk of Court is directed to enter judgment accordingly and close this case.
3. Plaintiff's Motion to Allow Electronic Filing (Doc. 3) is **denied as moot**.

Dated this 29th day of January, 2025.

_____
Honorable Rosemary Márquez
United States District Judge

- 3 -